| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>FORMAN HOLT ELIADES & RAVIN LLC<br>80 Route 4 East, Suite 290<br>Paramus, NJ 07652<br>(201) 845-1000<br>Attorneys for Charles M. Forman<br>Liquidating Trustee<br>Kim R. Lynch (KL-5866) | |
| In Re:<br><br>NATHAN AND MIRIAM BARNERT MEMORIAL HOSPITAL ASSOCIATION, d/b/a BARNERT HOSPITAL,<br>                      Debtor. | Chapter 11<br><br>Case No.  07-21631 (DHS) |
| CHARLES M. FORMAN, LIQUDATING TRUSTEE FOR THE BARNERT LIQUIDATING TRUST,<br><br>                      Plaintiff,<br><br>v.<br><br>YAAKOV E. ABDELHAK, MD,<br><br>                      Defendant. | Adv. Pro. No. 09 - |

**COMPLAINT TO AVOID AND RECOVER**
**TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

Charles M. Forman ("Liquidating Trustee" or "Plaintiff"), Liquidating Trustee for the Barnert Liquidating Trust, the plaintiff in the captioned adversary proceeding, through his attorneys, Forman Holt Eliades & Ravin LLC, by way of complaint, against Yaakov E. Abdelhak, MD (the "Defendant"), alleges that:

## BACKGROUND

1. On August 15, 2007 (the "Petition Date"), Nathan and Miriam Barnert Memorial Hospital Association, d/b/a Barnert Hospital (the "Debtor") filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. By order dated November 20, 2008, the Debtor's Chapter 11 plan (the "Plan") was confirmed ("Confirmation Order").

3. Pursuant to the Plan, a liquidating trust was established, known as the Barnert Liquidating Trust, for the purpose of, among other things, prosecuting claims and causes of actions provided for under the Bankruptcy Code.

4. Under the Confirmation Order, the Liquidating Trustee was authorized and approved to act as liquidating trustee of the Barnert Liquidating Trust.

5. The Defendant is a medical doctor whose last known address is 287 Herrick Avenue, Teaneck, New Jersey 07666 who provided to the Debtor certain services more particularly described herein, at various times prior to the Petition Date.

## JURISDICTION

6. This adversary proceeding arises in Case No. 07-21631 (DHS) now pending before the Court and is authorized under the Plan.

7. This adversary proceeding arises under Sections 547 and 550 of the Bankruptcy Code.

8. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157(b) and other applicable provisions of federal law.

9. This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §157(b).

10. Venue of this adversary proceeding in this district is proper under 28 U.S.C. §1409.

Document      Page 3 of 4

## **COUNT I**

## **AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS**

11. The Plaintiff repeats the allegations of the foregoing paragraphs of this complaint as if fully set forth herein.

12. The Defendant was a creditor of the Debtor at all relevant times.

13. Within the 90 day period prior to the Petition Date, the Debtor issued and paid certain checks (the "Transfers") to the Defendant in payment for certain of Defendant's invoices.

14. During the 90 day period prior to the Petition Date, the Defendant received a total of $14,000.00, and such other transfers that may be unknown to the Plaintiff, which payments constituted transfers of Debtor's property.

15. The Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendant before the Transfers were made.

16. The Debtor was insolvent at the time the Transfers were made.

17. The Transfers enabled the Defendant to receive more than he would have received if a) the estate of the Debtor was liquidated under Chapter 7 of Title 11 of the United States Code, b) the Transfers had not been made, and c) the Defendant or any other creditor for whose benefit the Transfers were made received payment of the antecedent debt owed to it by the Debtor to the extent provided by the provisions of Title 11 of the United States Code.

18. The Transfers are avoidable preferential transfers within the meaning of Section 547(b) of the Bankruptcy Code.

19. The Plaintiff is entitled to recover the total amount of the Transfers from the Defendant, as the initial transferee, pursuant to Section 550 of the Bankruptcy Code.

WHEREFORE, the Plaintiff demands judgment against the Defendant for the avoidance and recovery of the Transfers pursuant to Sections 547 and 550 of the Bankruptcy Code, for entry of a judgment directing the Defendant to immediately pay to the Plaintiff the sums owed, for interest and costs of suit, and for such further relief as the court may allow.

The avoided transfers are preserved for the benefit of the Debtors' estate pursuant to 11 U.S.C. Section 551.

                                    FORMAN HOLT ELIADES & RAVIN LLC
                                    Counsel to Charles M. Forman
                                    Liquidating Trustee

                              By:      */s/Kim R. Lynch*
                                    Kim R. Lynch (KL-5866)

Dated:  January 6, 2010
m:\cmf\barnert hosp\preferences\yaakov e abdelhak\complaint.doc